**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) JEFF ROBERTS, ) <br> (2) ANDREW CASEY, ) <br> (3) HALLI TRIPE-ROBERTS, ) <br> (4) TIA ROBERTSON, ) <br> (5) STACY SPOMER, ) <br> (6) MICHAEL ELY, ) <br> (7) IAN LEE, ) <br> (8) CHRISTOPHER SPURLOCK, ) <br> (9) MIKE STROUD, ) <br> (10) SCOTT KOSLOW, ) <br> (11) JEREMIAH WORRELL, and ) <br> (12) DUSTIN SHEARGOLD, ) <br> individually, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> (1) THE STATE OF OKLAHOMA, ) <br> *ex rel*., BOARD OF REGENT OF ) <br> OKLAHOMA COLLEGES and the ) <br> (2) UNIVERSITY OF CENTRAL ) <br> OKLAHOMA, and ) <br> (3) DEAN PAMELA WASHINGTON, ) <br> (4) ERIC MARLOW, ) <br> ) <br> Defendants. ) | **Case No. CIV-10-1273-D** |

**UNIVERSITY OF CENTRAL OKLAHOMA'S RESPONSE**
**TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant University of Central Oklahoma (UCO) through it counsel Assistant Attorney General Kindanne C. Jones, submits the following response to Plaintiffs' Amended (Petition) Complaint (Amended Complaint) [Doc. 7]. For reasons more fully set forth in its partial motion to dismiss, filed simultaneously herewith [Doc. 13 ], UCO moves to dismiss

Plaintiff/Students prayer for punitive damages in the Second Cause of Action at ¶ 56b. In further response, UCO states as follows:

1. The allegations contained in ¶ 1 of Plaintiff Amended Complaint state a legal conclusion to which no answer is required. To the extent any answer is required, the allegations are denied.

2. UCO admits that Plaintiff/Students were students at UCO for the 2009-2010, academic year. UCO denies the remaining allegations contained in ¶ 2 of Plaintiffs Amended Complaint.

3. UCO admits that Plaintiff/Roberts was an employee of UCO for the 2009-2010, academic year. UCO admits that Plaintiff/Casey was a graduate assistant at UCO for the 2009-2010, academic year. UCO admits that Plaintiff/Tripe-Roberts was Plaintiff/Roberts' wife during the 2009-2010, academic year. UCO denies the remaining allegations contained in ¶ 3 of Plaintiffs Amended Complaint.

4. UCO admits that Washington is the Dean and Chief Administrative Officer for UCO's College of Liberal Arts and that UCO's main campus is located in Edmond, Oklahoma. UCO admits that Dean Washington's position and responsibilities are described in the faculty handbook. UCO denies the remaining allegations contained in ¶ 4 of Plaintiffs' Amended Complaint.

5. The allegations contained in ¶ 5 of Plaintiffs' Amended Complaint do not relate to UCO. Therefore no answer is required.

6. The allegations contained in ¶ 6 of Plaintiffs' Amended Complaint do not relate to UCO. Therefore no answer is required.

7. UCO does not have sufficient information to respond to the allegations contained in ¶ 7 of Plaintiffs' Amended Complaint. They are therefore denied.

8. The allegations contained in ¶ 8 of Plaintiffs' Amended Complaint state legal conclusions to which no answers are required. To the extent any answers are required, the allegations are denied.

9. UCO admits that Plaintiff/Roberts filed a charge of discrimination with the EEOC on or about June 8, 2010, and that the EEOC issued its right to sue on or about August 3, 2010. UCO also admits that a notice of tort claim was served upon it on or about August 6, 2010. All remaining allegations contained in ¶ 9 of Plaintiffs' Amended Complaint are denied.

10. UCO admits that Plaintiff/Casey filed a charge of discrimination with the EEOC on or about June 8, 2010, and that the EEOC issued its right to sue on or about August 3, 2010. UCO also admits that a notice of tort claim was served upon it on or about August 6, 2010. All remaining allegations contained in ¶ 10 of Plaintiffs' Amended Complaint are denied.

11. UCO admits that Plaintiff/Tripe-Roberts filed a charge of discrimination with the EEOC on or about June 8, 2010, and that the EEOC issued its right to sue on or about August 3, 2010. UCO also admits that a notice of tort claim was served upon it on or about

August 6, 2010. All remaining allegations contained in ¶ 11 of Plaintiffs' Amended Complaint are denied.

12. The allegations contained in ¶ 12 of Plaintiff Amended Complaint state a legal conclusion to which no answer is required. To the extent any answer is required, the allegations are denied.

13. UCO admits this Court has jurisdiction to hear the claims Plaintiffs asserted in their original amended petition, which was removed by Washington and UCO. UCO denies the remaining allegations contained in ¶ 13 of Plaintiff Amended Complaint.

14. The allegations contained in ¶ 14 of Plaintiffs' Amended Complaint state legal conclusions to which no answers are required. To the extent any answers are required, UCO admits it is subject to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. UCO denies the remaining allegations contained in ¶ 14 of Plaintiffs' Amended Complaint.

15. The allegations contained in ¶ 15 of Plaintiffs' Amended Complaint are irrelevant to this action, which has now been removed to federal court.

16. UCO denies the allegations contained in ¶ 16 of Plaintiffs' Amended Complaint.

17. UCO denies the allegations contained in ¶ 17 of Plaintiffs' Amended Complaint.

18. UCO denies the allegations contained in ¶ 18 of Plaintiffs' Amended Complaint.

19. UCO denies the allegations contained in ¶ 19 of Plaintiffs' Amended Complaint.

20. Upon information and belief, UCO denies the allegations contained in ¶ 20 of Plaintiffs' Amended Complaint.

21. Upon information and belief, UCO denies the allegations contained in ¶ 21 of Plaintiffs' Amended Complaint.

22. Upon information and belief, UCO denies the allegations contained in ¶ 22 of Plaintiffs' Amended Complaint.

23. UCO admits that when it received information that Plaintiff/Robertson claimed Defendant/Marlow had sexually harassed her, Washington requested that she provide a written statement as provided for in the UCO Student Code of Conduct. UCO denies the remaining allegations contained in ¶ 23 of Plaintiffs' Amended Complaint.

24. UCO admits that once it received a complaint of sexual harassment, it required Defendant/Marlow to submit a written response as provided for in UCO's policies and procedures. UCO denies the remaining allegations contained in ¶ 24 of Plaintiffs' Amended Complaint.

25. UCO denies the allegations contained in ¶ 25 of Plaintiffs' Amended Complaint.

26. UCO denies the allegations contained in ¶ 26 of Plaintiffs' Amended Complaint.

27. UCO admits that it required all of its students on the debate team to attend a presentation regarding underage drinking. This is a common presentation UCO presents to its students who are involved in extracurricular activities which involve traveling. On information and belief, UCO denies the remaining allegations contained in ¶ 27 of Plaintiffs' Amended Complaint.

28. UCO admits the allegations contained in ¶ 28 of Plaintiffs' Amended Complaint.

29. UCO denies the allegations contained in ¶ 29 of Plaintiffs' Amended Complaint.

30. Upon information and belief, UCO denies the allegations contained in ¶ 30 of Plaintiffs' Amended Complaint.

31. UCO denies the allegations contained in ¶ 31 of Plaintiffs' Amended Complaint.

32. UCO admits that it complied with the procedures set forth in the faculty handbook regarding complaints of sexual harassment. The recommendation which resulted from this process speaks for itself. To the extent, the allegations contained in ¶ 32 of Plaintiffs' Amended Complaint are merely excerpts of this document designed to mislead and inflame, they are denied.

33. UCO admits that it complied with the procedures set forth in the faculty handbook regarding complaints of sexual harassment. The response which resulted from this process speaks for itself. To the extent, the allegations contained in ¶ 33 of Plaintiffs'

Amended Complaint are merely excerpts of this document designed to mislead and inflame, they are denied.

34. UCO denies the allegations contained in ¶ 34 of Plaintiffs' Amended Complaint.

35. UCO denies the allegations contained in ¶ 35 of Plaintiffs' Amended Complaint.

36. UCO denies the allegations contained in ¶ 36 of Plaintiffs' Amended Complaint.

37. UCO denies the allegations contained in ¶ 37 of Plaintiffs' Amended Complaint.

38. UCO denies the allegations contained in ¶ 38 of Plaintiffs' Amended Complaint.

39. UCO denies the allegations contained in ¶ 39 of Plaintiffs' Amended Complaint.

40. UCO admits that Plaintiffs were expected to return UCO property at the end of the school year. UCO denies the remaining allegations contained in ¶ 40 of Plaintiffs' Amended Complaint.

41. UCO admits that Roberts was expected to return UCO property at the end of the school year and that it was conducting an inventory check of UCO property. UCO denies the remaining allegations contained in ¶ 41 of Plaintiffs' Amended Complaint.

42. UCO is without sufficient information to admit or deny the allegations contained in ¶ 42 of Plaintiffs' Amended Complaint. They are therefore denied. UCO affirmatively states that it did not have any formal summer debate program for the summer of 2010.

43. UCO is without sufficient information to admit or deny the allegations contained in ¶ 43 of Plaintiffs' Amended Complaint. They are therefore denied.

44. UCO denies the allegations contained in ¶ 44 of Plaintiffs' Amended Complaint.

45. UCO denies the allegations contained in ¶ 45 of Plaintiffs' Amended Complaint.

46. UCO denies the allegations contained in ¶ 46 of Plaintiffs' Amended Complaint.

47. UCO denies the allegations contained in ¶ 47 of Plaintiffs' Amended Complaint.

48. UCO denies the allegations contained in ¶ 48, including but not limited to subparagraphs a - c of Plaintiffs' Amended Complaint. UCO specifically denies that Plaintiff/Employees are entitled to any of the relief they seek and requests this Court enter judgment in favor of UCO.

49. UCO denies the allegations contained in ¶ 49 of Plaintiffs' Amended Complaint.

50. UCO denies the allegations contained in ¶ 50 of Plaintiffs' Amended Complaint.

51. UCO denies the allegations contained in ¶ 51 of Plaintiffs' Amended Complaint.

52. UCO denies the allegations contained in ¶ 52 of Plaintiffs' Amended Complaint.

53. UCO denies the allegations contained in ¶ 53 of Plaintiffs' Amended Complaint.

54. UCO denies the allegations contained in ¶ 54 of Plaintiffs' Amended Complaint.

55. UCO denies the allegations contained in ¶ 55 of Plaintiffs' Amended Complaint.

56. UCO denies the allegations contained in ¶ 56, including but not limited to subparagraphs a - d of Plaintiffs' Amended Complaint.  UCO specifically denies that Plaintiff/Students are entitled to any of the relief they seek and requests this Court enter judgment in favor of UCO.  With regard to Plaintiffs' prayer for punitive damages, UCO refers this Court to its partial motion to dismiss filed simultaneously herewith.

57. UCO denies the allegations contained in ¶ 57 of Plaintiffs' Amended Complaint.

58. UCO denies the allegations contained in ¶ 58 of Plaintiffs' Amended Complaint.

59. UCO denies the allegations contained in ¶ 59 of Plaintiffs' Amended Complaint.

60. UCO denies the allegations contained in ¶ 60 of Plaintiffs' Amended Complaint.

61. UCO denies the allegations contained in ¶ 61 of Plaintiffs' Amended Complaint.

62. UCO denies the allegations contained in ¶ 62 of Plaintiffs' Amended Complaint.

63. UCO denies the allegations contained in ¶ 63, including but not limited to subparagraphs a - e of Plaintiffs' Amended Complaint. UCO specifically denies that Plaintiffs are entitled to any of the relief they seek and requests this Court enter judgment in favor of UCO.

64. UCO denies the allegations contained in ¶ 64 of Plaintiffs' Amended Complaint.

65. UCO denies the allegations contained in ¶ 65 of Plaintiffs' Amended Complaint.

66. UCO denies the allegations contained in ¶ 66, including but not limited to subparagraphs a - e of Plaintiffs' Amended Complaint. UCO specifically denies that Plaintiffs are entitled to any of the relief they seek and requests this Court enter judgment in favor of UCO.

67. Plaintiffs' two Sixth Causes of Action and their Seventh Cause of Action do not relate to UCO. Therefore UCO is not required to respond to the allegations contained in ¶¶ 67 - 77 of Plaintiffs' Amended Complaint. To the extent any answers are required, the allegations are denied.

## AFFIRMATIVE DEFENSES

68. Failure to state a claim upon which relief can be granted.

69. UCO is exempt from liability pursuant to the exemptions of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151, *et seq.*

70. The liability of UCO, which is denied, is limited by the terms and provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151, *et seq.*

71. Plaintiffs' damages are attributable to third parties over whom UCO has no control and whose actions UCO is not responsible for.

72. Plaintiffs' alleged damages were caused by intervening and/or superseding causes, and UCO is not liable to Plaintiff as a result thereof.

73. Plaintiffs are not entitled to damages.

74. Plaintiffs have failed to mitigate their damages.

75. All actions taken by UCO in relation to all Plaintiffs were taken for legitimate, nondiscriminatory, non-retaliatory reasons.

76. Waiver, estoppel, unclean hands, laches, and any other equitable defense that may arise in the course of discovery.

77. To the extent that Plaintiffs pursue unfounded claims and claims in which they rely upon facts that they know are untrue, and intentionally presents facts in a misleading fashion to the Court that are frivolous at best, UCO will pursue costs and attorney's fees from Plaintiffs.

78. After acquired evidence.

79. Eleventh Amendment immunity.

80. Sovereign immunity pursuant to the Tenth Amendment to the United States Constitution.

81. Failure to exhaust administrative remedies.

82. Plaintiffs are not entitled to punitive damages.

83. UCO reserves the right to assert additional defenses pending further discovery.

Respectfully submitted,

s/ Kindanne C. Jones

**KINDANNE C. JONES, OBA # 11374**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 N. E. 21st Street
Oklahoma City, Oklahoma   73105
Tele: (405) 522-2920  Fax: (405) 521-4518
Kindanne.Jones@oag.ok.gov
*Attorney for Defendants, University of Central Oklahoma, and P. Washington*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Jacque Bergman-Pearsall
Ramona Wolf
Fitzgerald & Pearsall PLLC
6303 N. Portland, Suite 300
Oklahoma City, Oklahoma   73112
ramona@ramonawolfattorney.com
jacquepearsall@gmail.com, ols@coxinet.net
*Attorneys for Plaintiffs*

s/ Kindanne C. Jones
Kindanne C. Jones