## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|                                              |   |                    |
|----------------------------------------------|---|--------------------|
|                                              | ) |                    |
| JEFF ROBERTS, et al.,                        | ) |                    |
|                                              | ) |                    |
|     Plaintiffs,          | ) |                    |
|                                              | ) |                    |
| vs.                                          | ) | NO. CIV-10-1273-D  |
|                                              | ) |                    |
| THE STATE OF OKLAHOMA, ex rel.,              | ) |                    |
|  BOARD OF REGENTS OF OKLAHOMA           | ) |                    |
|   COLLEGES, et al.,                | ) |                    |
|                                              | ) |                    |
|     Defendants.          | ) |                    |

## ORDER

Before the Court are the partial motions to dismiss [Doc. Nos. 13 and 19] filed by Defendant University of Central Oklahoma and by Defendant Board of Regents of Oklahoma Colleges. Each seeks dismissal of Plaintiffs' claims for punitive damages, arguing that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6). In a response jointly addressing both motions, Plaintiffs concede that punitive damages are not recoverable against these defendants, and withdraw their request for such damages.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is not a proper vehicle for challenging the propriety of punitive damages because the prayer for relief is not part of the cause of action; a Rule 12(b)(6) motion tests the sufficiency of a party's claims for relief rather than the particular relief demanded. *Hardeman v. Stewart,* 195 F. App'x 706, 707 (10th Cir. 2006) (unpublished opinion); *Cassidy v. Millers Cas. Ins. Co. of Texas*, 1 F.Supp.2d 1200, 1214 (D.Colo.1998) (citing *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir.1955)). "[T]he test of a complaint pursuant to a motion to dismiss lies in the claim, not in the demand." *Cassidy*, 1 F. Supp. 2d at 1214 (citing *Asphaltic Enterprises, Inc. v. Baldwin-Lima-Hamilton Corp.*, 39 F.R.D. 574, 576

(E.D. Pa. 1966)).  Thus, the only issue raised by a motion to dismiss is "whether the claim as stated would give the plaintiff a right to any relief, rather than to the particular relief demanded." *Id.*

Notwithstanding the foregoing,  Plaintiffs in this case concede that, under the governing law, they cannot recover punitive damages against the movants, and they expressly withdraw their prayer for such damages.  Accordingly, the motions [Doc. Nos. 13 and 19] are deemed moot, and the prayer for punitive damages against the movants is withdrawn.

IT IS SO ORDERED this17th day of February, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE