## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JEFF ROBERTS, | ) |
| (2) ANDREW CASEY, | ) |
| (3) HALLI TRIPE-ROBERTS, | ) |
| (4) TIA ROBERTSON, | ) |
| (5) STACY SPOMER, | ) |
| (6) MICHAEL ELY, | ) |
| (7) IAN LEE, | ) |
| (8) CHRISTOPHER SPURLOCK, | ) |
| (9) MIKE STROUD, | ) |
| (10) SCOTT KOSLOW, | ) |
| (11) JEREMIAH WORRELL, and | ) |
| (12) DUSTIN SHEARGOLD, | ) |
| individually, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | )      **Case No. CIV-10-1273-D** |
| | ) |
| (1) THE STATE OF OKLAHOMA, | ) |
| *ex rel.*, BOARD OF REGENT OF | ) |
| OKLAHOMA COLLEGES and the | ) |
| (2) UNIVERSITY OF CENTRAL | ) |
| OKLAHOMA, and | ) |
| (3) DEAN PAMELA WASHINGTON, | ) |
| (4) ERIC MARLOW, | ) |
| | ) |
| Defendants. | ) |

### AGREED PROTECTIVE ORDER AND
### ORDER COMPELLING DISCLOSURE

WHEREAS, it is anticipated that the parties will be required to produce certain

documents and provide certain information during the discovery phase of this litigation;

WHEREAS, it is anticipated that portions of those documents and certain information

will be confidential and in certain instances require a Court order mandating disclosure; and

WHEREAS, it is anticipated that the pleadings and discovery papers in this matter, may include reference to confidential documents or otherwise refer to confidential information; and

WHEREAS, the parties are agreed that no disclosure of such confidential documents should occur except as necessary for the purposes of this litigation; and

WHEREAS, the protection stipulated to by the parties is the most appropriate means for protecting the fairness of the judicial and discovery process; and

WHEREAS, Fed. R. Civ. P. 26(c) provides for entry of an order such as is contained here:

IT IS AGREED by and among the parties and ORDERED by the Court as follows:

1.      The Court has determined that it is necessary in the interest of justice to prevent materials and information deemed confidential by the parties from being placed in the public record.

2.      The Court has further determined that contact information regarding current and past students and employees of University of Central Oklahoma (UCO) who have knowledge relevant to this case should be disclosed but that such information shall be treated as confidential.

3.      One of the purposes of this Order is to protect from unwarranted or unnecessary disclosure materials contained in the personnel files and other information in the possession of UCO and/or student records produced by Defendants in response to Plaintiffs'

requests for document production.  To the extent that such documents are discoverable for

the purposes of this litigation but are deemed confidential by the provisions of the Oklahoma

Open Records Act, the Freedom of Information Act, Family Educational Rights and Privacy

Act or, with regard to privileges asserted, the Oklahoma or Federal Rules of Evidence then

such documents shall be disclosed but, all information derived from such documents, and all

copies, excerpts and summaries of such documents shall be designated as "Confidential

Documents" in the manner set forth in paragraph 8 of this Order.

4.      With regard to the disclosure of documents and information regarding students

which are subject to the Family Educational Rights and Privacy Act, prior to disclosing any

such documents or information, UCO shall attempt to notify the student by sending a notice

by regular mail to his or her last known address of its duty and intent to disclose the

information fifteen (15) days before disclosing the information, so that the student may seek

protective action.

If there is no response from the student within the designated time period, then such

information and/or documents should be marked Confidential and produced pursuant to the

terms of this Protective Order.  Should the student respond and seek protective action, then

the parties are given ten (10) days from the date of the objection to file a motion with this

Court indicating why the information is relevant and should be produced in this matter

pursuant to the terms of the protective order.  The Court can then consider these briefs and

anything submitted by the student in question to determine whether the information should be produced pursuant to the terms of the Protective Order.

5.      All such documents designated as Confidential Documents shall be treated as confidential during the pendency of this action.  (Hereinafter all documents subject to this Order shall be referred to as "Confidential Documents.")  Confidential Documents shall be used by the parties solely for the purposes of this litigation and not for any other purpose. Control and distribution of all discovery material covered by this Order shall be the responsibility of the attorneys of record.

6.      No party shall disclose Confidential Documents or information derived from such documents to any person except as provided in this Order.  Confidential Documents and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purpose of conducting this litigation:

> (a)     Counsel, whether or not employees of any party, representing any party in this litigation and their employees;
>
> (b)     Any person retained by counsel described in paragraph 4(a) to assist in the preparation and trial of this litigation, including consultants, experts, paralegals and investigators;
>
> (c)     The parties and any director, officer or employee of any party who is either required by such party or requested by counsel to work directly on this litigation, provided, however, that Confidential Documents and information shall be disclosed to the individual only to the extent necessary to perform such work;
>
> (d)     Any person of whom testimony is taken or is to be taken in this action, provided, however, that confidential documents and information can be disclosed to such persons only in preparation for, review of, or in the

course of his or her testimony and that such person not retain such confidential documents or information after his or her testimony is concluded;

(e)     The author and addressees of the documents;

(f)     The Court and any persons employed by it working on this litigation;

(g)     Deposition reporters; and

(h)     Any surety, indemnitor, or insurer of the parties.

7.     Each person to whom disclosure of confidential documents and information is permitted by the parties pursuant to paragraphs 4(b) through (e) above shall be shown a copy of this Order and shall agree to be bound by this Order.

8.     Portions of any discovery materials and any papers filed with the Court in this case which include or make direct reference to the content or identification of Confidential Documents, shall be considered as Confidential Documents governed by the terms of this Order.

9.     Any party in good faith may designate (i) portions of any deposition and (ii) any discovery materials or any other papers submitted to the Court in this case, as Confidential Documents governed by the terms of this Order.

10.     Pages of any document referred to in paragraphs 6 and 7 of this Order shall be stamped "Confidential" or otherwise marked so as to establish that they are protected from disclosure pursuant to this Order.  No party shall file with the Court any motion, brief or other paper containing, or otherwise exhibiting any Confidential Documents, unless said

motion, brief or other paper, or portion thereof containing Confidential Documents is filed under seal pursuant to the ECF Policies & Procedures Manual § IIIA, unless the confidential information can be redacted from the document.

11.     The admissibility, confidentiality, and use of all Confidential Documents at trial shall be subject to further order of the Court.

12.     This stipulation shall be without prejudice to the right of any party to apply to the Court for such further protective orders under the provisions of Fed.R.Civ.P. 26(c) as justice may require.

13.     If a party does not agree to the designation of material as confidential, that party may move the Court for a determination.  In any Court proceeding the party claiming confidentiality shall have the burden of proving the alleged confidentiality.  Until such time as the Court makes a determination on any disputed issue of confidentiality, the parties shall treat the materials as confidential in accordance with this Order.

14.     Nothing in this Order shall prevent a party from any use of his or her own confidential documents.

15.     Nothing in this Order shall prevent a party from seeking additional protection from the production of documents or disclosure of information beyond that provided for in this Order.

16.     The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

17.     The treatment accorded confidential information under this Protective Order shall survive the termination of this action.

18.     Upon termination of this litigation, all documents and certain information designated confidential shall be returned to the producing party or destroyed.

Dated this 12th day of September, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE